UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY RYDMAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPION PETFOODS USA, INC., a Delaware corporation, and CHAMPION PETFOODS LP, a Canadian limited partnership,<br><br>Defendants. | CASE NO. C18-1578 RSM<br><br>ORDER DENYING STIPULATED MOTION TO SEAL |

This matter is before the Court on the parties' Stipulated Motion to Seal. Dkt. #44. The parties seek to maintain Plaintiff's Second Amended Class Action Complaint (Dkt. #46) under seal and request that the Court grant them carte blanche to redact "sensitive and proprietary business information" from a publicly available copy. Dkt. #44 at 1–2. Finding that the parties have given the Court no indication of the information that will remain sealed from public view and have failed to satisfy the applicable legal standards, the Court denies the motion.

"There is a strong presumption of public access to the court's files." LCR 5(g). The party seeking to seal a judicial record must overcome the strong presumption of public access by establishing a "compelling reason" justifying sealing. *Kamakana v. City & Cnty. Of Honolulu*,

ORDER – 1

447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"[1] *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). However, the trial court must articulate a "factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. Even after finding a compelling reason, "[t]he court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179) (alterations in original).

The parties do not attempt to satisfy their burden here, claiming only that "[t]he amended complaint includes confidential information that [Defendant] claims is sensitive and proprietary business information that should be withheld from public view." Dkt. #44 at 2. This "consists of the following categories of information that can be used by [Defendant's] competitors to [Defendant's] disadvantage: highly sensitive consumer and market research; proprietary sales and pricing strategies; proprietary information relating to Champion's ingredient quantities and ratios; and certain information concerning the procedures for segregating condemned carcasses and pentobarbital testing." *Id.* (citing Dkt. #45 at ¶ 6). The parties rely only on a protective order issued by another United States District Court which purportedly allows the parties to designate confidential material during discovery and litigation. *Id.* (noting that "information that [Defendant] seeks [to keep] sealed is all characterized as confidential pursuant to the protective order entered" in the out-of-District case).

---

[1] "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

ORDER – 2

1         The Court will not grant the parties carte blanche to determine what information in the 88-page Second Amended Class Action Complaint falls within the parties' broad designations of "confidential information." Even if the parties have agreed to treat certain material as confidential between themselves, they still must satisfy the appropriate legal standards to keep that material confidential when they file it with the Court. *See* LCR 5(g)(3). And it should go without saying that the Court cannot adequately consider the issue without the parties clearly indicating the portions of the Second Amended Class Action Complaint they wish to hide from public view.

        Accordingly, the Court finds and ORDERS that the Stipulated Motion to Seal (Dkt. #44) is DENIED without prejudice. The Clerk shall immediately unseal Plaintiff's Second Amended Class Action Complaint (Dkt. #46).

        Dated this 23 day of March, 2020.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3