UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY RYDMAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPION PETFOODS USA, INC., a Delaware corporation, and CHAMPION PETFOODS LP, a Canadian limited partnership,<br><br>Defendants. | CASE NO. C18-1578 RSM<br><br>ORDER DENYING STIPULATED MOTION TO WITHDRAW PREVIOUSLY FILED DOCUMENT (DKT. NO. 46) |

This matter is before the Court on the parties' Stipulated Motion to Withdraw Previously Filed Document (Dkt. No. 46). Dkt. #49. The motion follows the Court's denial of the parties' motion to seal Plaintiff's Second Amended Class Action Complaint. Dkt. #48. The Court denied the previous motion to seal because the motion did not address the applicable legal standard, did not provide a specific basis for maintaining portions of the Second Amended Class Action Complaint under seal, and did not adequately indicate the information the parties intended to redact from a publicly available copy. *Id.* The parties now seek to withdraw the Second Amended Class Action Complaint (Dkt. #46) that was previously filed under seal.

For specific authority, the parties cite to Local Civil Rule 5(g):

ORDER – 1

1  [w]hen the court denies a motion to seal, . . . the party who is relying on the sealed document [may] request . . . the court withdraw the document from the record rather than unseal it. If a document is withdrawn on this basis, the parties shall not refer to it in any pleadings, motions or other filings, and the court will not consider it.

Dkt. #49 at 2 (citing LCR 5(g)) (alterations in original). That quotation, however, omits material aspects of the cited rule. In full, the relevant rule reads as follows:

> When the court denies a motion to seal, the clerk will unseal the document unless (1) *the court orders* otherwise, *or* (2) the party who is relying on the sealed document requests *in the motion to seal or response that, if the motion to seal is denied*, the court withdraw the document from the record rather than unseal it. If a document is withdrawn on this basis, the parties shall not refer to it in any pleadings, motions or other filings, and the court will not consider it.

LCR 5(g)(6) (emphasis added).

The parties did not "request[] in the motion to seal or response" that the Court allow the document to be withdrawn if the Court did not agree to maintain the document under seal. *See* Dkt. #44. Nor do the parties now attempt to establish a different basis justifying a court order placing the Second Amended Class Action Complaint under seal. Dkt. #49. Rather, the parties attach a declaration from Defendant's Director, FPA & Treasury specifying that the portions of the Second Amended Class Action Complaint they seek to hide from public view reveal "confidential trade secrets." Dkt. #49-1. The Court considers the argument overly conclusory. More importantly, this is more akin to an unwarranted motion for reconsideration. *See* LCR 7(h) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority *which could not have been brought to its attention earlier with reasonable diligence*.") (emphasis added).

ORDER – 2

Accordingly, having reviewed the parties' stipulated motion, the applicable legal standards, and the remainder of the record, the Court finds and ORDERS that the parties' Stipulated Motion to Withdraw Previously Filed Document (Dkt. #49) is DENIED.

Dated this 24 day of March, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3