UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY RYDMAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CHAMPION PETFOODS USA, INC., a Delaware corporation, and CHAMPION PETFOODS LP, a Canadian limited partnership,<br><br>Defendants. | CASE NO. C18-1578 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS IV AND VI OF PLAINTIFFS' SECOND AMENDED COMPLAINT |

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Counts IV and VI of Plaintiffs' Second Amended Complaint. Dkt. #56. Plaintiffs oppose the motion and have requested oral argument. Dkt. #58. The Court finds oral argument unnecessary to its resolution of this matter and denies the request. *See* Local Rules W.D. Wash. LCR 7(b)(4). Having considered the matter, the Court grants Defendants' motion.

## II. BACKGROUND

Defendants manufacture premium dry dog food which they sell at prices higher than other brands of premium dry dog food. Dkt. #46 at ¶¶ 20, 47. Defendants marketed these dog foods

ORDER – 1

with phrases such as: "Ingredients We Love [From] People We Trust;" "Nourish as Nature Intended;" "Delivering Nutrients Naturally;" "Biologically Appropriate™;" and "Fresh Regional Ingredients." *Id.* at ¶ 11.  Plaintiffs allege that they viewed these representations on the packaging of Defendants' premium dry dog food and relied on the representations in deciding to initially purchase Defendants' dog food from third-party retailers.  *Id.* at ¶¶ 7–10.  Plaintiffs thereafter continued to buy Defendants' dog food from retailers for several years.  *Id.*

Plaintiffs allege that Defendants "[t]argeted consumers who were willing to pay the Defendants' premium prices" and used improper marketing practices to make "misleading representations and warranties" about the quality of their dog food.  *Id.* at ¶ 2.  Plaintiffs allege that Defendants' "dog food contained and/or had a material risk of containing non-conforming ingredients and contaminants, such as: (1) Heavy Metals; (2) non-fresh ingredients; (3) non-regional ingredients; (4) BPA; and/or (5) pentobarbital."  *Id.* at ¶ 12.  Plaintiffs allege that Defendants failed to disclose and intentionally omitted that their dog food could contain these "non-conforming ingredients and contaminants" and that Plaintiffs relied on the packaging's omissions.  *Id.* at ¶¶ 13–14.

On these allegations, Plaintiffs brought claims for violation of the Washington Consumer Protection Act, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, breach of express warranty, breach of implied warranty, and unjust enrichment.  *Id.* at ¶¶ 247–327.  Defendants seek dismissal of Plaintiffs' fraudulent concealment and breach of implied warranty claims.  Defendants' motion does not seek dismissal of Plaintiffs' other claims.

### III.  DISCUSSION

**A. Legal Standard for Motion to Dismiss**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

ORDER – 2

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* FED. R. CIV. P. 8(a)(2). While considering a Rule 12(b)(6) motion, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The court is not required, however, to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 557). Absent facial plausibility, a plaintiff's claims must be dismissed.

**B. Plaintiffs' Fraudulent Concealment Claim**

Applicable here, Federal Rule of Civil Procedure 9 further requires that Plaintiffs plead "fraud or mistake" with particularity. FED. R. CIV. P 9(b). This generally requires allegations

ORDER – 3

"specific enough to give defendants notice of the particular misconduct . . . . [and] must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). The requirements are relaxed in fraudulent omission cases, however, because plaintiffs generally will not know the specific circumstances under which factual material was omitted, as they would in a false representation claim. *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1132 (W.D. Wash. 2010) (citing *Falk v. Gen Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007)).

A fraudulent concealment claim is premised on a duty to disclose. *See Schreiner Farms, Inc. v. Am. Tower, Inc.*, 173 Wash. App. 154, 163, 293 P.3d 407, 412 (2013) (fraudulent concealment may be established by the nine elements of fraud[1] or breach of "an affirmative duty to disclose a material fact") (quoting *Crisman v. Crisman*, 84 Wash. App. 15, 21, 931 P.2d 163 (1997)). "Ordinarily, the duty to disclose a material fact exists only where there is a fiduciary relationship and not where the parties are dealing at arm's length." *See Tokarz v. Frontier Fed. Sav. & Loan Ass'n*, 33 Wash. App. 456, 463–64, 656 P.2d 1089, 1094–95 (1982) (citing *Oats v. Taylor*, 31 Wash.2d 898, 903, 199 P.2d 694 (1948)). However, Washington courts sometimes

> find a duty to disclose where the court can conclude there is a quasi-fiduciary relationship, . . . where a special relationship of trust and confidence has been developed between the parties, . . . where one party is relying upon the superior specialized knowledge and experience of the other, . . . where a seller has

---

[1] Washington law requires fraud to be proven with clear, cogent, and convincing evidence of:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Stiley v. Block*, 130 Wash. 2d 486, 505, 925 P.2d 194, 204 (1996) (citation omitted).

ORDER – 4

knowledge of a material fact not easily discoverable by the buyer, . . . and where there exists a statutory duty to disclose."

*Favors v. Matzke,* 53 Wash. App. 789, 796, 770 P.2d 686, 690 (1989) (citations omitted).[2]

The Court agrees with Defendants that the relationship between the parties does not give rise to a duty for Defendants to disclose the possible presence of "non-conforming ingredients and contaminants." Several theories are easily disposed of. Plaintiffs do not allege a factual basis for a fiduciary or quasi-fiduciary relationship with Defendants. Plaintiffs do not sufficiently allege facts establishing any special relationship of trust and confidence at the time they were allegedly mislead by Defendants' material omissions.[3] Nor do Plaintiffs sufficiently allege that they relied on Defendants' specialized knowledge and experience manufacturing dog food in concluding that the dog food could not possibly contain "non-conforming ingredients and

---

[2] The cases cited by the *Favors* court, which the Court has otherwise omitted, clearly deal with substantial relationships between the parties and support the Court's conclusion in this case. *See Boonstra v. Stevens–Norton, Inc.,* 64 Wash. 2d 621, 393 P.2d 287 (1964) (duty to disclose in quasi-fiduciary relationship between loan broker and lender because lender relied on experience and knowledge of broker); *Salter v. Heiser,* 36 Wash.2d 536, 219 P.2d 574 (1950) (lessor had duty to disclose existing liquor license when representing to inexperienced lessee that he could sell liquor on the premises); *Hutson v. Wenatchee Fed. Savs. & Loan Ass'n,* 22 Wash. App. 91, 588 P.2d 1192 (1978) (lender had duty to disclose because of "complex relationship" with borrower); *Sorrell v. Young,* 6 Wash. App. 220, 491 P.2d 1312 (1971) (real property seller had a duty to disclose prior filling of land where the fact was "not apparent or readily ascertainable"); and *Kaas v. Privette,* 12 Wash. App. 142, 529 P.2d 23 (1974) (seller of corporate stock had a statutory duty to disclose material facts).

[3] Plaintiffs make much of the "relationship of trust and confidence" between Defendants and their customers. Dkt. #58 at 12. But, the Court finds it significant that Plaintiffs allege Defendants' marketing fraudulently concealed the possible presence of "non-conforming ingredients and contaminants" at both the time of Plaintiffs' first purchase and several years later at the time of their last purchase of Defendants' dog food. Plaintiffs do not allege any interactions with Defendants prior to their first purchase, much less facts giving rise to a special relationship. Nor do they allege any actions that altered the relationship of the parties during the time they purchased Defendants' dog food.

ORDER – 5

1  contaminants."[4]  Lastly, Plaintiffs have not adequately alleged that a relevant statute obligated

2  Defendants to disclose the information that Plaintiffs maintain was fraudulently concealed.[5]

3  Necessitating slight consideration, Plaintiffs argue that material facts as to the contents

4  of Defendants' dog food were available only to Defendants and that those facts were not easily

5  discoverable by Plaintiffs.  But Plaintiffs could have determined precisely what was in

6  Defendants' dog food at any time by testing a small amount of it.  This contrasts starkly with the

7  other cases in which this Court has found a duty for a manufacturer to disclose material facts.

8  *See Zwicker v. Gen. Motors Corp.*, No. 07-cv-291-JCC, 2007 WL 5309204, at *3 (W.D. Wash.

9  July 26, 2007) (sufficient allegations of fraudulent concealment where purchaser of a vehicle is

10  not able disassemble and inspect the vehicle for defects); *Carideo*, 706 F. Supp. 2d 1122 (same

11  result, where purchasers cannot take apart and inspect the components of a computer for defects).

12  Defendants' knowledge did not give rise to a duty to disclose here.

13  As a result, the Court finds that Plaintiffs' Second Amended Class Action Complaint fails

14  to adequately state a claim for relief based on fraudulent concealment.  Count IV of Plaintiffs'

15  Second Amended Class Action Complaint is dismissed.

**C. Breach of Implied Warranty Claims**

17  Defendants argue that Plaintiffs' implied warranty claim fails for the simple reason that

18  there is no privity between Defendants and Plaintiffs:  "Plaintiffs concede that they are not in

---

[4] In fact, Plaintiffs allege that they instead relied on the Defendants' marketing phrases in deciding to purchase Defendants' dog food.  Similarly, Plaintiffs have not alleged any facts establishing a basis for relying on the specialized knowledge and experience of Defendants in relation to other manufactures of premium dry dog food.

[5] Plaintiffs generally point to Washington's Consumer Protection Act, which makes a "knowing failure to reveal something of material importance [] 'deceptive' within the CPA." Dkt. #58 at 13 (quoting *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 75, 170 P.3d 10 (2007)) (quotation marks omitted).  But nothing in this order prevents Plaintiffs from pursuing their Consumer Protection Act claims.

ORDER – 6

privity with Defendant. [Dkt. #58 at 11]. However, in a last-ditch effort to avoid dismissal of this claim, Plaintiffs implausibly contend that [sic] have pled facts demonstrating that they are third-party beneficiaries of an underlying, unidentified contract between [Defendants] and the retailers that sold its food." Dkt. #59 at 6.

Under Washington law,

> "[a] third-party beneficiary is one who, though not a party to the contract, will nevertheless receive *direct* benefits therefrom." . . . It is insufficient that performance of a contract may benefit a third party; rather, the contract must have been entered for that party's benefit, or the benefit must be a direct result of performance within the parties' contemplation."

*Key Dev. Inv., LLC v. Port of Tacoma*, 173 Wash. App. 1, 29, 292 P.3d 833, 846–47 (2013) (internal citations omitted). In the manufacturing context, Washington courts look to the "sum of interaction and expectations between the purchaser and the manufacturer: [whether] the manufacturer knew the identity, purpose, and requirements of the purchaser's specifications and shipped the [item] directly to the purchaser." *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wash. 2d 334, 345, 831 P.2d 724, 730 (1992).

Plaintiffs' argument that Defendants "knew the identity, purpose, and requirements of the [Plaintiffs'] specifications" because Defendants marketed their dog food to "Pet Lovers," such as Plaintiffs, is not persuasive. Identifying a group of potential customers is a far cry from identifying third-party beneficiaries.[6] Nor do Plaintiffs identify any specific contract purporting to make them third-party beneficiaries. Plaintiffs have failed to adequately plead a claim for relief based on breach of an implied warranty. Count VI of Plaintiffs' Second Amended Class Action Complaint is dismissed.

---

[6] Nonsensically, extending third-party beneficiary status to all "Pet Lovers" would be over and under inclusive. "Pet Lovers" who never interacted with Defendants or their products would be third-party beneficiaries. Yet purchasers of Defendants' dog food that did not self-identify as "Pet Lovers" would not be third-party beneficiaries. Plaintiffs' theory is unworkable.

ORDER – 7

## IV. CONCLUSION

Having considered the motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss Counts IV and VI of Plaintiffs' Second Amended Complaint (Dkt. #56) is GRANTED.  Counts IV and VI of Plaintiffs' Second Amended Class Action Complaint (Dkt. #46) are DISMISSED.  Plaintiffs' other claims remain.

Dated this 29th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE