UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY RYDMAN and SERIN NGAI,<br><br>Plaintiffs,<br>v.<br><br>CHAMPION PETFOODS USA INC and CHAMPTION PETFOODS LP,<br><br>Defendants. | CASE NO. 2:18-cv-01578-TL<br><br>ORDER GRANTING STIPULATED MOTIONS TO SEAL |

This matter comes before the Court on the Parties' Stipulated Motions to Seal (the "Motions"). Dkt. Nos. 99, 119. Having reviewed the Motions and all supporting materials, the Court GRANTS the Motions.

I. BACKGROUND

Through their first Motion, the Parties ask the Court to allow them to file under seal twelve of Defendants' documents produced in discovery that Plaintiff intends to rely on in support of her Motion for Class Certification. Dkt. No. 99 at 1. In support of sealing, Defendants include a declaration from Erik Flakstad, their "Director, FPA and Treasury." Dkt. No. 99-1 ¶ 3.

1  With some detail, Flakstad explains that the twelve documents contain confidential information
2  concerning Defendants' product strategy, market position, brand identity, internal procedures for
3  labeling, ingredients, and formulae, and other competitively sensitive information. *Id.* ¶¶ 7–11.
4  Flakstad avers that if the information were publicly released, Defendants would be competitively
5  disadvantaged and harmed. *Id.* The Parties propose to file under seal unredacted versions of these
6  twelve business records, and to file publicly available versions with the sensitive and proprietary
7  business information redacted. Dkt. No. 99 at 2. The Parties' proposed redactions are substantial
8  and leave little to be publicly viewed. *See* Dkt. No. 100. The Court notes that Plaintiff has
9  separately filed under seal several documents attached to a declaration of Rebecca A. Peterson
10 that appear to be some of the same sealed exhibits attached to the Flakstad Declaration. Dkt.
11 Nos. 101-2, 102. But the Peterson Declaration does not reference the exhibits to the Flakstad
12 Declaration or the motion to seal. And Plaintiff has not separately moved to seal the documents
13 filed under seal at Docket No. 102.

14         Through their second Motion, the Parties ask the Court to allow them to file under seal
15 seventeen of Defendants' documents produced in discovery that Plaintiff intends to rely on in
16 support of her opposition to Defendants' Motion to Summary Judgment. Dkt. No. 119 at 1.
17 Defendants include a new declaration from Flakstad in which he explains that portions of the
18 seventeen documents contain confidential information concerning Defendants' product strategy,
19 market position, brand identity, internal procedures for labeling, ingredients, and formulae, and
20 other competitively sensitive information. Dkt. No. 120 ¶¶ 7–12. Flakstad avers that if the
21 information were publicly released, Defendants would be competitively disadvantaged and
22 harmed. *Id.* As with the first Motion, the Parties submit the documents under seal with their
23 proposed redactions highlighted. Dkt. No. 121. The proposed redactions would remove the
24 substance from public view. Plaintiff has again filed sealed documents attached to a declaration

of Rebecca A. Peterson that appear to be some of the same sealed exhibits to the second Flakstad Declaration. *See* Dkt. Nos. 129, 130. But the second Peterson Declaration does not reference the second Flakstad Declaration or the second Motion to Seal. And Plaintiff has not separately filed a motion to seal any of the records filed under seal at Docket No. 130.

## II.   LEGAL STANDARD

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." *Id.* If not, then the good cause standard will apply.

## III.   ANALYSIS

The Parties incorrectly state that the "good cause" standard applies to both Motions. The compelling interest standard applies to both Motions because the documents have been filed in support of two substantive motions that directly concern the merits of this action. Both the motion for class certification and motion for summary judgment are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety*, 809 F.3d at 1101. Accordingly, the compelling interest standard, and not a good cause standard, applies.

"Under this stringent standard, a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97. The court must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Examples of compelling reasons include when a

ORDER GRANTING STIPULATED MOTIONS TO SEAL - 3

court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598–99 (1978).

Defendants have demonstrated that the materials attached to Flakstad's two declarations are properly sealed. Flakstad avers that the materials contain confidential and sensitive business information that, if revealed, would cause Defendants to suffer a competitive harm. And the briefs which cite these documents are publicly viewable without redaction, which demonstrates that the public still has access to the pertinent information from these sealed records sufficient to understand the issues the Parties dispute. Given these facts, the Court finds that Defendants have provided compelling reasons to seal these records. *See Nixon*, 435 U.S. at 598–99.

The Court notes that the Parties' redactions remove the substance of the documents. But the Court cannot parse through the documents to determine what might not harm Defendants if revealed. And given that the briefs which cite these sealed records are publicly viewable, the Court finds such an exercise unnecessary.

The Court notes that Plaintiff has complicated the record by separately filing under seal some of the same sealed exhibits to the Flakstad Declarations. This unnecessarily confuses the docket because Plaintiff has not separately asked that these records be sealed or even cross-referenced them to the Motions or the Flakstad Declarations. In the future, the Court requires that only one set of documents be filed under seal with a motion to seal. Any filings that reference or rely on the sealed records should simply refer to the sealed records as filed on the docket.

### IV.   CONCLUSION

Accordingly, it is hereby ORDERED:

(1) The Court GRANTS the Parties' stipulated motions to seal (Dkt. Nos. 99, 119) and SEALS the exhibits filed at Docket Nos. 100, 102, 121, and 130.

(2) The Court DIRECTS Defendants to file redacted copies of the sealed exhibits to the Flakstad Declarations based on the proposed redactions **within seven (7) days** of entry of this Order.

(3) To clarify the docket, the Court DIRECTS Plaintiff to file a notice that cross-references the sealed exhibits to the Peterson Declaration to the sealed exhibits to the Flakstad Declarations. Plaintiff must file the notice **within seven (7) days** of entry of this Order.

Dated this 30th day of March 2023.

Tana Lin
United States District Judge