UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOLLY RYDMAN,

        Plaintiff,

v.

CHAMPION PETFOODS USA, INC.,

        Defendant.

C18-1578 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motions in limine, docket no. 159, are GRANTED, DENIED, or DEFERRED as follows.

    I.    Plaintiff's motion to prohibit Defendant's employees or other witnesses from testifying regarding their interpretation of laws and regulations, including AAFCO Guidance, or whether defendant adhered to any of the same, is GRANTED in part and DEFERRED in part. The motion is GRANTED as to interpretation of law. The motion is otherwise DEFERRED to the pretrial conference.

    II.    Plaintiff's motion to exclude evidence ((a) disputed demonstrative exhibits, (b) any demonstrative exhibit comparing ingredient panels, and (c) the ACANA dog food bag and related testimony) Defendant did not previously disclose or produce is DEFERRED to the pretrial conference. The parties are DIRECTED to bring their disputed exhibits to the pretrial conference.

    III.    Plaintiff's motion to exclude evidence concerning traceability to plaintiff's purchases is DENIED. The evidence is relevant to causation and

MINUTE ORDER - 1

"injury" under the CPA.  This case involves claims of misrepresentation and omission.  The Court DEFERS to the pretrial conference on any limiting instruction regarding traceability.

(2)     Defendant's motions in limine, docket no. 160, are GRANTED, DENIED, or DEFERRED as follows.

    A.     Defendant's motion to exclude evidence of the sale or potential sale of Champion is GRANTED.  The evidence is not relevant and would also be precluded under Rule 403.

    B.     Defendant's motion to exclude evidence regarding Champion's overall profits or revenues is DEFERRED to the pretrial conference.

    C.     Defendant's motion to exclude evidence regarding heavy metals, pentobarbital, toxins, and contaminants is DEFERRED to the pretrial conference.  Defendant shall file a supplemental brief, not to exceed three (3) pages, on the Rule 404(b)(2) issues raised in the motion by March 20, 2024.  No reply shall be filed.

    D.     Defendant's motion to exclude evidence of unimplemented marketing ideas is GRANTED.

    E.     Defendant's motion to exclude Stefan Boedeker's Expectation Survey pursuant to FRE 403 is DENIED.  See Order (docket no. 144) (denying defendant's motion to exclude this witness).

    F.     Defendant's motion to exclude evidence regarding isolated quality assurance incidents is DEFERRED to the pretrial conference.

    G.     Defendant's motion to exclude evidence or argument that packaging statements not at-issue are false, deceptive, or misleading is GRANTED.

    H.     Defendant's motion to exclude certain evidence regarding the use of alleged regrinds, non-fresh, and non-regional ingredients is GRANTED as to regrind exhibits (docket no. 129-41) and two exhibits concerning diets Plaintiff did not purchase.  Defendant's motion as to references to China is DEFERRED to the pretrial conference.  The evidence that defendant included ingredients from China may be relevant to plaintiff's "regional" claim.

    I.     Defendant's motion to exclude references to post-litigation packaging labels is GRANTED.  Such labels are not relevant and are also excluded under Rule 403.

MINUTE ORDER - 2

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of March, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3